In the Matter of the Estate of JAMES P. HILL, Deceased.

Surrogate's Court, Chenango County, February 23, 1951.

*Glenn F. Carter* for Florine P. H. Hill, applicant.

*Lee, Gallagher & Lee* for Janet H. Gordon, as executrix of James P. Hill, deceased.

*Donald S. Whitney,* special guardian for Gail Gordon, an infant.

BARNES, S. This is an application to determine the rights of the widow to an election against the testamentary provision of the decedent's will, under section 145-a of the Surrogate's Court Act.

The decedent left him surviving his widow, Florine P. H. Hill, and his daughter, Janet W. Hill Gordon, as his surviving spouse and distributee.

The provision of the decedent's will in question or so much of it as is pertinent here, reads as follows: " I give, devise and bequeath to Janet Hill Gordon, Trustee, an amount equal to one-third of my estate, real and personal, the income thereof to be paid to my wife, Florine P. Hill, and upon her death the remainder to become a part of my residuary estate ".

Proof has been offered showing that the decedent's estate has a value of upwards of $150,000. Paragraph (b) of subdivision 1 of section 18 of the Decedent Estate Law appears to govern the above facts completely and give the surviving spouse the right to take $2,500 in cash from the one third of the estate and the life use of the balance of the one third of the estate so set up in trust. That is exactly what the Legislature has enacted into law. Had they intended something else they could have so provided. There is nothing ambiguous, technical or difficult about the language used and I see no reasonable argument for construing this provision of law in any other way; but for the purpose of clarifying the arguments advanced by the surviving spouse, I am commenting upon the points raised.

The applicant urges that the provision does not provide the life use of a full one third of the estate for the reason that he had, at the time of his death, a retirement fund, in which he had named his daughter as the beneficiary upon his death, and that

there was a small mortgage held by himself and by his daughter which by the operation of law, passed to the surviving daughter. This objection cannot be sustained for the reason that if these items are a part of the estate one third of the same would be included in the trust fund of which the widow has the life use, and if they are not a part of the decedent's estate then she would not be entitled to consider them as assets to which she is entitled to any part under section 18 of the Decedent Estate Law. It is not necessary to decide upon this application whether or not these items are any part of the decedent's estate.

The applicant objects to the provisions of the trust as giving to the daughter, a share greater than two thirds on account of the fact that she will be entitled to commissions upon the execution of the trust and that she is not required to give a bond, etc. This objection is specifically answered in paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law. That subdivision seems to cover the exact provision of this will and states that these shall not be deemed either singly or in the aggregate to give to the surviving spouse an absolute right of election to take his or her intestate share but provides a remedy for administering the estate in the event of discord. No such discord has arisen and no action is necessary, at this time.

Lastly, the applicant urges that the disposition of the residuary estate is grounds for the right of an absolute election. I see no merit in this contention. Prior to the enactment of section 18 of the Decedent Estate Law the surviving spouse was entitled to only a dower interest in real estate. This section increased the amount to which she is entitled, but released a husband's real property from the troublesome lien of dower. There is no other restriction upon the right of a testator to dispose of his property by will as he sees fit. When the decedent has provided for the surviving spouse in the manner provided by law, he may throw away the balance of his property as his heart desires.

The widow has exercised her right of limited election and is entitled to receive $2,500 in cash, and the life use of a trust fund consisting of one third of the estate minus $2,500 during her lifetime.

Submit decree accordingly.